IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIMON JAMES COX,

                Plaintiff,

v.

OFFICER J. SERGENIAN,

                Defendants.

OPINION and ORDER

23-cv-727-jdp

---

Plaintiff Simon James Cox, proceeding without counsel, alleges that he was falsely arrested and subjected to unlawful conditions of confinement. Cox proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Cox's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim for which I could grant relief and other pleading deficiencies, but I will allow Cox to amend the complaint to fix these problems.

ALLEGATIONS OF FACT

Cox's complaint is hard to understand, and many of his allegations are implausible, but I'll do my best to summarize his allegations. Cox went to a Walgreens store to buy frozen steak and baked goods and "destroy" their receipts to stop the store from losing inventory. Dkt. 1 at 2. Cox took this action because he believed that the items were being used to falsify information and intimidate. On his third visit, a clerk called the police on Cox, reporting that

his behavior was threatening. Defendant Officer J. Sergenian arrested Cox for disorderly conduct. During his detention, Cox observed female correctional staff being mistreated, and he expressed concern for the safety of his friends and family. Cox was taken to segregation without medication or receiving his wrist band, and an officer joked that he was being uncooperative. Dkt. 1 at 3. At some point, Cox was transferred to Winnebago Mental Health Institute.

Cox believes that his arrest was unlawful and that police officers, correctional officers, and Winnebago staff have been unlawfully detaining and abusing people, and forcing him to have sex with others. *Id.* at 4. Cox also believes that the Madison Police Department and Winnebago staff have used condoms, a Dane County Jail uniform, and other objects from his apartment to coerce people, and that his landlords are involved in this conduct.

ANALYSIS

Cox's complaint has four primary pleading problems. First, to proceed against an individual Cox must name him as a defendant in the complaint's caption. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). Cox refers to several individuals in the complaint's body, but he listed only Sergenian in the complaint's caption. I will not allow Cox to proceed against the other individuals.

Second, to proceed on a false arrest claim against Sergenian, Cox's allegations would have to plausibly suggest that Sergenian arrested him without probable cause. *Cf. Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). But Cox doesn't allege, even generally, that Sergenian lacked probable cause to believe that his conduct was disorderly, and Cox's description of his behavior doesn't suggest otherwise. I will not allow Cox to proceed on this claim.

Third, Federal Rule of Civil Procedure 20 prohibits a plaintiff from proceeding on several claims against multiple individuals based on unrelated events. Cox's claims include some that are unrelated. The alleged false arrest is unrelated to Cox's allegations about his conditions of confinement, and his complaints about those conditions involve the actions of different individuals at different facilities. I will not allow Cox to proceed because he has improperly joined multiple claims in a single lawsuit.

Fourth, a court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Many of Cox's allegations are implausible. For instance, Cox's allegation that frozen steak and baked goods sold at Walgreens were being used to falsify information, threaten, and intimidate is unrealistic. I will not allow Cox to proceed on the implausible allegations.

## CONCLUSION

I will allow Cox to amend his complaint to fix the above pleading problems. Cox must file his amended complaint on the court's nonprisoner complaint form, which it will send him with this order. Cox must fill out the form completely. If Cox needs more space to allege his claims, he may submit no more than five supplemental pages. Any handwritten or typewritten text on the form or any supplemental sheet must be large enough and have enough spacing between the lines and in the margins to ensure readability.

In drafting the amended complaint, Cox should bear in mind that to state a claim for relief, a pleading need only contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Cox's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Cox should state his allegations in numbered paragraphs, "each

3

limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Cox should identify the type of claim that he wishes to assert, but he should omit any legal arguments.

Cox should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in or cause a violation of federal law. Cox must explain what each defendant did, or failed to do, that violated his federal rights, and he should avoid referring to defendants collectively. Cox should also identify by full name all the individuals he wishes to sue in the amended complaint's caption.

## ORDER

IT IS ORDERED that:

1. Plaintiff Simon James Cox's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until May 25, 2025, to file an amended complaint that fixes the problems identified in this order.

3. If plaintiff fails to comply with this order, I may dismiss the case.

4. If plaintiff moves while this case is pending, he must inform the court of his new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

5. The clerk of court is directed to send plaintiff a copy of the court's nonprisoner complaint package.

Entered April 24, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge